# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JURIDICA INVESTMENTS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>S&T OIL EQUIPMENT AND MACHINERY LIMITED and VALERIAN SIMIRICA,<br><br>Defendants. | No. 14 C 9135<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This matter is presently before the court on Plaintiff Juridica Investments Limited's ("Juridica" or "Plaintiff") motion to remand the instant action to state court and for payment of fees and expenses incurred as a result of the improper removal of this action.

## BACKGROUND

At the core of this dispute is a security agreement (the "Investment Agreement") executed by Plaintiff and S&T Oil Equipment and Machinery ("S&T" or together with Valerian Simirica, "Defendants") under the Uniform Commercial Code. When the Investment Agreement was executed in 2008, Defendants were litigating two actions against the nation of Romania—a lawsuit in the Romanian court system and an arbitration before the International Centre for Settlement of Investment Disputes. The Investment Agreement grants a first-priority security interest to Plaintiff in Defendants' entitlements to the "Proceeds" of both actions (as defined in the Investment Agreement) and a first-priority security interest in S&T's shares in exchange for Plaintiff's payment of an amount to be used to cover certain of Defendants' litigation fees and expenses. As it is referred to in the Investment Agreement, "Collateral" includes the Proceeds from the actions. It is alleged that Defendants received an $800,000 judgment from their

1

litigation with Romania.

The Investment Agreement contains a number of dispute resolution provisions. The Investment Agreement has an arbitration provision, Section 15.1, as well as a provision that expressly exempts certain actions from this arbitration provision, Section 16.0. Section 16.0 provides:

> Without limiting the other provisions of Section 15 of this Agreement which provide exclusively that all disputes between the Parties will be arbitrated, [Juridica] shall have the right to take action under the applicable provisions of the Uniform Commercial Code in effect from time to time in the courts of the state of where Collateral is located from time to time to enforce its rights in and to and to foreclose upon the Collateral. In any action under this Section, the Parties agree that any court in which such relief is sought shall determine the availability of such relief without regard to any defenses that may be asserted by the other party. The Parties agree that any such defenses shall be referred to the exclusive jurisdiction of the arbitrators under Section 15 and that the court shall not defer or delay granting a remedy while any such arbitration takes place.

Section 15.1 references this exemption, stating:

> Except with respect to enforcement actions by [Juridica] to foreclose on Collateral under the Uniform Commercial Code, arbitration as described in this Section shall be the exclusive means and the exclusive forum for the Parties to settle any and all disputes between or among them . . . .

In December 2010, Plaintiff and Defendants arbitrated a number of claims arising out of the Investment Agreement in accordance with the arbitration provisions of the Investment Agreement. One of the claims was a dispute as to whether Defendants were required to put the $800,000 judgment that they received from their litigation with Romania in an escrow account. The parties submitted their dispute before the London Court of International Arbitration ("LCIA"). In 2011, S&T sought an injunction from the United States District Court for the Southern District of Texas seeking relief from the arbitration provision in the Investment Agreement. In 2012, the Fifth Circuit affirmed the district court's dismissal of S&T's request for relief from the arbitration provision, finding that the Convention controls the arbitration

provision in the Agreement. *See S&T Oil Equip. & Mach., Ltd. v. Juridica Investments Ltd.*, 456 F. App'x 481 (5th Cir. 2012), affirming *S&T Oil Equip. & Mach., Ltd. v. Juridica Investments Limited*, 2011WL 1565996 (S.D. Tex. April 25, 2011).

In 2013, the LCIA panel reached a unanimous decision and decided that it would not require Defendants to pay funds into an escrow account to safeguard Juridica's entitlement to the Proceeds. As a part of this decision, the LCIA panel awarded legal fees of $396,333 to Defendants, which they have since collected.

## PROCEDURAL HISTORY

On August 6, 2014, Plaintiff filed its Complaint for Breach of Contract, Foreclosure, and Detinue (the "Complaint") against Defendants in Dupage County Court. Plaintiff seeks foreclosure of the Proceeds described in the Investment Agreement. On November 13, 2014, Defendants removed the action by filing the original notice of removal (the "Original Notice"). Defendants' Original Notice based jurisdiction on the diversity statute, 28 U.S.C. § 1332. On November 19, 2014, Plaintiff filed this motion to remand the instant action to state court. The next day, on November 20, 2014, Defendants filed an amended notice of removal that based removal on federal question jurisdiction, 28 U.S.C. § 1331, via 9 U.S.C.A. § 205 (the "Amended Notice"), and conceded that "clearly diversity does not exist."

## DISCUSSION

**I.** **Removability**

The issue which must first be decided here is whether this district court has removal jurisdiction over the Complaint. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)). "Without jurisdiction the court cannot proceed at all in any cause . . . when it ceases to exist, the

only function remaining to the court is that of announcing the fact and dismissing the cause." *Id*. at 94 (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Defendants contend that there is no such doubt in this case and, in support of this contention, cite to the arbitration provision in the Investment Agreement and 9 U.S.C. § 201 *et seq.*, which implemented the provisions of the Convention on the Recognition and Enforcement of International Arbitral Awards (the "Convention") into domestic law. Defendants base removal on federal question jurisdiction via 9 U.S.C.A. § 205, which provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

Although § 205 would typically be a valid ground to base removal, it does not govern this case because Section 16.0 of the Investment agreement expressly carves-out certain types of foreclosure claims from the Investment Agreement's arbitration provision and designates them with their own forum selection clause. Section 16.0 of the Investment Agreement gives Plaintiff the right to "take action under the applicable provisions of the Uniform Commercial Code . . . in the courts of the state of where Collateral is located . . . to enforce its rights in and to and to foreclose upon the Collateral." The Uniform Commercial Code, as adopted in Illinois, gives creditors broad rights to seek enforcement of a secured interest in collateral such as the Proceeds at issue here. *See* 810 ILCS 5/9-601. Because Plaintiff's Complaint is a foreclosure action under the Illinois UCC, it falls squarely within Section 5/9-601 and Section 16.0.

4

Section 16.0 explains why the LCIA's panel could not have already addressed the issue of foreclosure that is the driving force behind Plaintiff's Complaint. Under Section 16.0, the LCIA would not have had jurisdiction to hear or decide Plaintiff's entitlement to the Proceeds in a foreclosure action under the UCC. Furthermore, Section 16.0 is enforceable here because forum selection clauses are enforceable and provide a sufficient basis for remand under Illinois law. *Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 252 (7th Cir. 1996).

By agreeing to Section 16.0, Defendants waived their right to remove foreclosure actions of this type to federal court. Any other interpretation of the Investment Agreement's arbitration provisions would render Section 16.0 meaningless. Because Plaintiff is attempting to foreclose on Collateral that is located in Illinois, therefore, Plaintiff's claim must be brought in Illinois state court. Accordingly, I remand this case to Dupage County Court.

## II.     Penalties

The next issue to consider is whether the Defendants should be ordered to pay Plaintiff's fees in connection with their wrongful removal. Under 28 U.S.C. § 1447(c), the court may require the payment of costs and expenses, including attorneys' fees, incurred where the removing party lacked an objectively reasonable basis for removal. *TCF Nat'l Bank v. W&A Bldg., LLC*, No. 10-CV-3096, 2010 WL 4791454, at *1 (N.D. Ill. Nov. 17, 2010) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005)). The Supreme Court has held that Section 1447(c) neither imposes a bias in favor of awarding remand costs nor a bias against such awards. *See Martin*, 546 U.S. at 138–39 ("The statutory language and context strike as more evenly balanced . . . we see nothing to persuade us that fees under § 1447(c) should either usually be granted or usually be denied.").

In general, "if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award

5

a plaintiff his attorneys' fees." *Id.*; *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 654 (7th Cir. 2014) (affirming award of fees and costs to plaintiff where there was no objectively reasonable basis for federal jurisdiction or removal); *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (holding forum defendant rule barred any attempt to remove and reversing district court's denial of fees); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (affirming award of fees and costs where "[r]emoval was unjustified under settled law.").

Here, Defendants' basis for removal hinged upon the interpretation of the Investment Agreement and a previous arbitration judgment. Because there were several moving parts surrounding this unique situation, it cannot be said that clearly established law demonstrated that the Defendants had no basis for removal. Accordingly, Defendants are not liable to the Plaintiff for Plaintiff's costs and expenses associated with this wrongful removal.

## CONCLUSION

For the aforementioned reasons, Plaintiff's claim is remanded to Dupage County Court. Defendants are not liable for Plaintiff's costs and expenses associated with this wrongful removal. Because this Court does not have jurisdiction, I have not addressed Defendants' arguments that Plaintiff's claims are barred by *res judicata* or the LCIA's final award. If Defendants wish, they may raise these arguments in Illinois state court.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: December 30, 2014